## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:23-CR-400 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| DELANTE DOWELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On July 29, 2024, Defendant filed a motion requesting that the Court revoke the Magistrate Judge's prior order of detention, pursuant to 18 U.S.C. § 3145(b). (ECF No. 33). Defendant requests the revocation of his detention order and the issuance of bond due to the "unanticipated delay in preparing Mr. Dowell's case for trial and the ability of pretrial services to monitor Mr. Dowell if he were released on bond." (*Id*. at PageID #264).

Under 18 U.S.C. § 3145(b), Defendant may move for the Court to revoke or amend the Magistrate Judge's September 21, 2023 detention order. (ECF No. 14). A motion under § 3145(b) is made to "the court having original jurisdiction over the offense"—the district judge. Whereas a motion to reopen the detention hearing, under 18 U.S.C. § 3142(f)(2), may be decided by the magistrate judge that originally held the hearing (Magistrate Judge Jonathan Greenberg), or by the assigned district judge. *See* 18 U.S.C. § 3142(f)(2). Defendant's motion is titled "Motion to Revoke Detention Order," but he cites to both §§ 3145(b) and 3142(f)(2). (ECF No. 33, PageID #261 and 263–64). These are two different requests with different standards, so the Court will address each in turn.

When a district court is moved to revoke a detention order under 18 U.S.C. § 3145(b), it

1

may conduct *de novo* review of the magistrate judge's decision.  *United States v. May*, 2020 WL 2464876 at *1 (N.D. Ohio May 13, 2020).  In his detention order, Magistrate Judge Greenberg found that there was a serious risk that Defendant will not appear and that there is a serious risk that Defendant will endanger the safety of another person or the community.  (ECF No. 14).  The Magistrate Judge made this finding, "based on the Defendant's criminal history; his supervised release compliance; his criminal activity while under supervision; his violent behavior history; history of charges involving domestic violence; his substance abuse history; and the pending charges."  (*Id*.).  He found that "there is no condition or combination of conditions that will reasonably assure the Defendant's appearance and the safety of the community."  (*Id*.).  Other than stating "pretrial services [has the ability] to monitor Mr. Dowell if he were released on bond," Defendant points to no legal/factual inaccuracy in the Magistrate Judge's analysis or finding.  (ECF No. 33, PageID #264).

Defendant's assertions regarding "unanticipated delays" are unavailing on the issue of revocation of the detention order.  The Magistrate Judge did not consider this issue.  It did not arise until raised in Defendant's motion more than ten months after the detention hearing.  As a result, it cannot be a basis for finding that the Magistrate Judge's detention determination was erroneous and should be revoked.  After conducting *de novo* review, the Court finds that Defendant failed to establish a basis for revocation of the detention order under § 3145(b).

Defendant's request to reopen the detention hearing does not meet the statutory requirements.  Pursuant to 18 U.S.C. § 3142(f)(2), a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

"The unanticipated delay in preparing Mr. Dowell's case for trial" does not have a material bearing on whether there are conditions of release that will reasonably assure Defendant's appearance and the safety of the community.  (ECF No. 33, PageID #264).  Therefore, it cannot be a basis for reopening the detention hearing under § 3142(f)(2).  Additionally, without some change in circumstances, Defendant stating that pretrial services has the ability to monitor Defendant does not warrant reopening the detention hearing.  The Magistrate Judge considered the ability of pretrial services to monitor Defendant when he determined that Defendant's criminal history, his history of noncompliance on supervision, and his violent behavior history indicate that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community.  Defendant does not present any new or changed circumstance that alters the calculus of his ability to be monitored on bond.

For these reasons, the Court will not revoke the Magistrate Judge's detention order and will not reopen the detention hearing.  Defendant's motion is **DENIED**.  (ECF No. 33).

**IT IS SO ORDERED.**

Date:  August 7, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**